IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE RETIREMENT PLAN OF THE UNITE ) <br> HERE NATIONAL RETIREMENT FUND and ) <br> the Trustee of the Unite Here National Retirement ) <br> Fund, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> DAVID KIM, individually and d/b/a HADASSAH ) <br> CORP., LEMON SCENTS, HDK HOLDING ) <br> COMPANY, GREENERS, INC., NEW ) <br> PARAMOUNT CLEANERS, INC., and ) <br> CHICAGO CLEANING FACTORY; HADASSAH ) <br> CORP., in it sown name and d/b/a LEMON ) <br> SCENTS CORP., an involuntarily dissolved ) <br> corporation, HDK HOLDING COMPANY, d/b/a ) <br> DAHAKI CORPORATION, an involuntarily ) <br> dissolved corporation, and GREENERS, INC., ) <br> an involuntarily dissolved corporation, ) <br> ) <br> Defendants. ) | No. 08 C 2435 <br><br> Judge Robert W. Gettleman |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs, The Retirement Plan of the Unite Here National Retirement Fund, and its trustee have brought a two count first amended complaint under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, against David Kim, individually and d/b/a Hadassah Corp., Lemon Scents, HDK Holding Company, Grenners, Inc., New Paramount Cleaners, Inc., New Paramount Cleaners, Inc. and Chicago Cleaning Factory; Hadassah Corp., in its own name and d/b/a Lemon Scents Corp.; HDK Holding Company, d/b/a Dahaki Corporation; and Greeners, Inc. Plaintiffs allege that defendants breached a collective bargaining agreement ("CBA") by failing to pay contributions. Defendants have moved to dismiss for failure to state a claim. For the reasons discussed below, that motion is denied.

**FACTS**

According to the allegations of the complaint, in October 2004, defendant David Kim, as president of Lemon Scents, Inc. ("Lemon Scents"), entered into a CBA and participation agreement with the Unite Here labor union. Lemon Scents is an entity that existed only as a d/b/a of Hadassah Corp. These agreements required Lemon Scents to make pension fund contributions and submit remittance reports on behalf of covered full time employees. Lemon Scents made payments on behalf of its employees until February 2005. Plaintiffs allege that since February of 2005, Lemon Scents has neither submitted the required contributions nor submitted remittance reports for its employees. Lemon Scents, Inc. has never been incorporated, and Hadassah Corp., d/b/a Lemons Scents was dissolved in September of 2007.

Defendant Kim is allegedly using the remaining named unincorporated and incorporated defendant business entities to attempt to avoid the obligations imposed by the agreements. Despite the dissolution of several named defendant companies, defendant Kim continues to employ individuals covered by the CBA. These employees have been allegedly performing identical services out of the same physical locations to common customers for each of the named defendant companies since the CBA was signed. Defendant has allegedly been using the named defendant companies interchangeably to bill clients and pay employees to avoid the obligations owed employees under the agreements. Plaintiffs are attempting to recover unpaid contributions and delinquent remittance reports since February of 2005.

**DISCUSSION**

In Count I, plaintiffs allege that Kim, individually and operating as Hadassah Corp., d/b/a Lemon Scents, failed to pay and report employee benefit contributions in breach of the CBA. In Count II, plaintiffs allege that Kim and his other named companies are liable for the debts of Lemon Scents through either alter ego, single employer, or successor liability theories. Defendants have moved to dismiss both counts for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

To withstand defendants' 12(b)(6) challenge, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the claim is and the grounds upon which it rests," and the factual allegations must plausibly suggest that the plaintiffs have a right to relief, raising that possibility above a "speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Defendants argue that Twombly's progeny have required a fuller set of factual allegations than plaintiffs have provided. Yet, defendant's own reply brief cites to Seventh Circuit authority that makes clear that Twombly does not supplant the "basic notice-pleading standard," disclaiming any "heightened pleading standard." Tamayo v. Blagojevich, 526 F.3d 1074, 1083, (7th Circuit 2008). Plaintiffs' complaint clearly alleges the factual basis for its claim in Count I, an ERISA claim under 29 U.S.C. §1002(3) and (37A). Plaintiffs allege that defendants operated a laundry service and entered into an agreement to pay contributions on behalf of his employees. Defendants allegedly did not make those payments, violating the agreement and ERISA. The court concludes that the plaintiffs have alleged sufficient facts to state a claim for a violation of ERISA.

Defendants contend that Count II should be dismissed because it does not plead the elements of piercing the corporate veil against the defendant companies and/or defendant Kim. Plaintiffs respond by asserting that an alter ego claim under ERISA is not identical to a piercing the corporate veil claim, and that in fact both are distinct claims for relief under ERISA. As plaintiffs cite in their brief, if a corporation is acting as an alter ego of the individual or facts exist that warrant piercing the corporate veil, an individual can be held liable for the corporation's obligations under ERISA. Laborers' Pension Fund v. Paragon Pool Const., Inc., 2001 WL 218642, *2, N.D. Ill., 2001. The factors a court should consider for alter ego claims under ERISA are: 1) the amount of respect given to the separate identity of the corporation by its shareholders; 2) the fraudulent intent of the incorporators; and 3) the degree of injustice visited on the litigants by respecting the corporate entity. Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc. 85 F.3d 1282, 1288 (7th Cir. 1996).

Accepting all factual allegations as true, plaintiffs allege that the defendant companies all perform the same services with the same employees out of the same locations. Defendant has held himself out interchangeably as the named defendant companies to avoid payment of contributions to plaintiffs in breach of the agreements. Defendant David Kim negotiated and signed the agreements as president of Lemon Scents, Inc., despite its forced dissolution in a bankruptcy proceeding. Defendant Kim has allegedly failed to make contributions negotiated in the agreements. The complaint sufficiently notifies defendants that it is seeking to hold defendant Kim and the named companies liable via alter ego under ERISA.[1]

---

[1] Defendant urges dismissal because Rule 9(b) requires a heightened pleading standard for both successor liability and alter ego claims. Alter ego and successor liability claims are not subject to Rule 9. Central Illinois Carpenters Health and Welfare Trust Fund v. Strom, 2007 WL

(continued...)

For the reasons stated above, defendant's motion to dismiss for failure to state a claim is denied. Defendants are ordered to answer the complaint on or before March 3, 2009. This matter is set for a report on status March 10, 2009, at 9:00 a.m.

**ENTER:       February 17, 2009**

_____
**Robert W. Gettleman
United States District Judge**

---

[1](...continued)
2700502, C.D. Ill. 2007. (alter ego); <u>Flexicorps, Inc. v. Benjamin & Williams Debt Collectors, Inc.</u> 2007 WL 3231425, 1, N.D. Ill.2007; (successor liability).